IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHN ROLAND MYLES                                                                PETITIONER

VS.                                                            CIVIL ACTION NO. 3:7cv155-HTW-LRA

LAWRENCE KELLY, Superintendent of CMCF; et al.            RESPONDENTS

OPINION AND ORDER

This cause comes before this court on the petitioner's response [10-1] to the order to show cause [8-1] directing the petitioner to explain why the instant habeas petition should not be dismissed for failure to exhaust his state remedies which are available to him.

Petitioner Myles was convicted of grand larceny in the Circuit Court of Rankin County, Mississippi, on December 4, 2006. He was then sentenced to serve 10 years in jail and pay a $1,000.00 fine. The petitioner presents the following as grounds for habeas relief: (1) he received ineffective assistance of counsel and (2) his guilty plea was not voluntarily entered. The petitioner states his petition [1-1] as well as his response [10-1] that he has not presented his grounds for habeas relief to the state courts. He is seeking as relief probation or a lesser sentence.

Analysis

The petition was filed pursuant to 28 U.S.C. § 2254, which was amended by the provisions of the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"]. The exhaustion requirement is still a mandatory prerequisite to federal habeas relief. The amended statute provides in part as follows:

>    (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>       (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
>       (B)(i) there is an absence of available State corrective process; or
>
>       (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>              * * * * * * * * *
>
>    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999);  <u>Carter v. Estelle</u>, 677 F.2d 427, 442 n.10 (5th  Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982).  "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief."  <u>Fisher v. Texas</u>, 169 F.3d 295, 302 (5th Cir. 1999).

The petitioner admits in his petition [1-1] as well as his response [10-1] that he did not present his grounds for relief to the state courts.  According to petitioner, these grounds were not presented in state court because he could not get any legal assistance at

the Rankin Jail (Petition [1-1] p.5) and that his attorney told him that it would not help the petitioner to file for post-conviction relief (Response [10-1] p.1).

Petitioner may satisfy the exhaustion requirement through utilization of the Mississippi Uniform Post-Conviction Collateral Relief Act, MISSISSIPPI CODE ANNOTATED §§ 99-39-1 to -29. The Mississippi Post-Conviction Relief Act allows three years after the time for taking an appeal from the judgment of conviction or sentence . . . or three years after the entry of the judgment of conviction for a guilty plea to file a motion under the Act. *See* MISS. CODE ANN. § 99-39-5(2) (1972), as amended. Clearly, the petitioner is within the three-year period of time to file under the Mississippi Post-Conviction Collateral Relief Act.

It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state court prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir. 1995) (on remand from Supreme Court), *cert. denied*, 516 U.S. 1050 (1996). Therefore, a habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under Section 2254. See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

As pointed out in Horsley v. Johnson, 197 F.3d 134, 136 (5th Cir. 1999) (*citing* Granberry v. Greer, 481 U.S. 129, 131 (1987)), the "administration of justice would be better served by insisting on exhaustion" rather than reaching the merits of the petition prior to a decision in state court. In the opinion of this court, this *rightly* ensures that state

courts have an opportunity to consider federal-law challenges to a state custodial judgment

before a lower federal court may entertain a collateral attack upon that judgment. *See* Duncan v. Walker, 533 U.S. 167, 178-179 (2001) (*citing* O'Sullivan v. Boerckel, *supra.*) Unresolved factual matters or state law conflicts may have an important bearing on the case, and comity and judicial economy make it particularly appropriate to insist on complete exhaustion in such cases. Horsley, 197 F.3d at 137.

      The petitioner's failure to exhaust his available state court remedies warrants the dismissal of this federal habeas corpus petition. Duckworth v. Serrano, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981); Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The dismissal shall be without prejudice.

      Moreover, the petitioner makes general conclusory allegations that circumstances exist which render the state processes ineffective to protect his rights, and complains about the legal information available to him while housed at the Rankin County Jail. The petitioner actually sets forth no factual allegations that would confirm either the "absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect [his] rights," as required by the terms of 28 U.S.C. § 2254(b)(1)(B)(i) & (ii) in order for exhaustion to be waived. The fact remains that the petitioner may **still** avail himself of the state courts; he simply has not filed a post-

conviction motion.  **If** his grounds are meritorious, there is no reason that the state courts would not provide relief.

## Conclusion

Because the petitioner has failed to exhaust his available state remedies, the instant petition will be dismissed without prejudice.

A final judgment in accordance with this opinion and order will be issued this date.

SO ORDERED, this 30th day of April, 2007.

>                              s/ HENRY T. WINGATE
>                              CHIEF UNITED STATES DISTRICT JUDGE


Civil Action No. 3:07-cv-155 HTW-LRA
Opinion